# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

ROBERT L. BUTLER,

        Plaintiff,

v.                                                   No. CIV 00-860 BB/WWD

CITY OF LAS CRUCES, BRANIGAN MEMORIAL PUBLIC LIBRARY, LIBRARY DIRECTOR MRS. CAROL BREY, LIBRARY STAFF MRS. RIMA DEFORD, LIBRARY STAFF MS. ESTELLA GONZALEZ, ET AL.,

        Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Defendants' motion to dismiss (Doc. 5), as well as Plaintiff's motion for a jury trial (Doc. 19). The Court has reviewed the submissions of the parties and the relevant law, and, for the reasons set forth below, finds that the motion to dismiss should be granted in part and denied in part. The motion for jury trial will be construed as a jury demand.

Plaintiff's complaint, which is actually titled a motion for summary judgment and is not a model of clarity, appears to allege at least the following facts: (1) while Plaintiff was in a public library, he witnessed an incident in which a library security guard apprehended an alleged indecent-exposure perpetrator; (2) Plaintiff was informed that Defendant Brey, the library director, had mishandled the incident and was mismanaging the library, to the detriment of library staff morale; (3) Plaintiff complained to a City Council representative about the incident and about Defendant Brey's

management of the library; (4) shortly thereafter, Plaintiff was banned from the library for one year, as a result of an incident fabricated by Defendants DeFord and Gonzalez.

Defendant contends the above allegations do not state a constitutional claim.  However, Plaintiff appears to have stated a claim for official retaliation for the exercise of his First Amendment rights.  The elements of such a claim include three requirements:  that Plaintiff was engaged in constitutionally protected activity, that Defendant's actions caused Plaintiff to suffer an injury that would chill a person of ordinary firmness from continuing to engage in the activity, and that Defendants' adverse action was substantially motivated as a response to Plaintiff's constitutionally protected activity.  *See Worrell v. Henry*, 219 F.3d 1197, 1212 (10th Cir. 2000).  Construing the complaint liberally, as the Court is required to do, there are allegations that satisfy each of these elements.  By criticizing Defendant Brey's performance and complaining to a City Council member, Plaintiff was engaging in constitutionally protected activity.  *See Bloch v. Ribar*, 156 F.3d 673, 678 (6th Cir. 1998) (First Amendment clearly protects a citizen's right to criticize public officials); *Barrett v. Harrington*, 130 F.3d 246, 262-63 (6th Cir. 1997) (criticism of public official is conduct that falls well within the ambit of the First Amendment's protections).  The alleged response to that criticism, banning him from the library for one year, is a punishment severe enough to deter a person of ordinary firmness from attempting, in the future, to complain about the management of the library.  Finally, the allegedly close temporal proximity between Plaintiff's protected activity and the imposition of the one-year ban gives rise to an inference that the ban was motivated by a desire to retaliate against Plaintiff for his complaints.  *See Butler v. City of Prairie Village, Kansas*, 172 F.3d 736, 752 (10th Cir. 1999) (where alleged retaliatory act occurred several weeks after protected conduct, inference of retaliation could be drawn).

Although Plaintiff did not specifically identify his claim as a First Amendment claim, that fact does not require dismissal of the case. This Court must examine the facts alleged in the complaint, to determine whether they state a claim under any legal theory. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). As discussed above, the facts alleged by Plaintiff appear to state a claim for First Amendment retaliation. The case will therefore be allowed to proceed with that claim as its basis. The facts pled by Plaintiff do not appear to sufficiently state any other type of claim. For example, Plaintiff calls one of his claims a claim for perjury, which is not a valid civil cause of action. Also, Plaintiff named "fraud" as one of the claims he is attempting to raise, but he did not allege facts supporting such a cause of action. However, it is possible further proceedings will clarify the question of whether Plaintiff can state any cause of action in addition to the First Amendment retaliation claim discussed in this opinion. Therefore, it is premature at this time to limit the lawsuit solely to that claim.

Defendant City of Las Cruces has raised an argument concerning municipal liability, arguing the City cannot be held liable on a respondeat superior basis. However, in a § 1983 action such as this, a municipality may be held liable for actions taken by a city official who is a "final policymaker" with respect to the action in question. *See Randle v. City of Aurora*, 69 F.3d 441, 447-49 (10th Cir. 1995). It is conceivable that Defendant Brey, the library director, might be considered a final policymaker as to disciplinary actions taken by the library against patrons. At this point the Court has no information concerning that issue, and the Court therefore declines to dismiss the City as a defendant at this time.

Plaintiff's motion for trial by jury was submitted in response to an attempt to determine whether Plaintiff would consent to trial before a federal magistrate. The motion was filed prior to

the filing of any answer by Defendants, and is therefore timely if considered as a jury demand. *See, e.g., In re Kaiser Steel Corp.*, 911 F.2d 380, 388 (10th Cir. 1990) (for purposes of jury demand, "last pleading directed to such issue" will generally be an answer or reply). Since Plaintiff has made clear his desire for a jury trial, and has done so in a timely manner, the Court will consider his motion for jury trial a jury demand under F.R.C.P., Rule 38(b).

Based on the foregoing, Defendants' motion to dismiss will be denied.

An Order in accordance with this Memorandum Opinion will issue.

## ORDER

A Memorandum Opinion having been entered this date, it is hereby ORDERED as follows: Defendants' motion to dismiss (Doc. 5) is DENIED; and Plaintiff's motion for jury trial (Doc. 19) is construed as a demand for jury under Rule 38(b), F.R.C.P.

Dated this 31st day of January, 2001.

                                                                            BRUCE D. BLACK
                                                                            United States District Judge

**ATTORNEYS**:
**For Plaintiff**:
Robert L. Butler, pro se
204 Muledeer Drive
Las Cruces, New Mexico 88005

**For Defendants**:
Harry S. (Pete) Connelly
Glenn D. Hall
City Attorney's Office
P.O. Box 20000
Las Cruces, New Mexico 88004